# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

<table>
<tr><td>CHAMBERS OF<br>STEPHANIE A. GALLAGHER<br>UNITED STATES MAGISTRATE JUDGE</td><td>101 WEST LOMBARD STREET<br>BALTIMORE, MARYLAND 21201<br>(410) 962-7780<br>Fax (410) 962-1812</td></tr>
</table>

March 5, 2012

LETTER TO COUNSEL

> RE:  <u>James C. Driver v. Michael J. Astrue, Commissioner of Social Security</u>;
> Civil No. SAG-10-2786

Dear Counsel:

This matter is before me by the parties' consent. (ECF Nos. 3, 7). On October 8, 2010, claimant James C. Driver petitioned this Court to review the Social Security Administration's final decision to deny his claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). (ECF No. 1). I have considered the parties' cross-motions for summary judgment (ECF Nos. 15 and 22). I find that no hearing is necessary. Local R. 105.6 (D.Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3). *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). I will deny Mr. Driver's motion for summary judgment and will grant the Commissioner's motion. This letter explains my rationale.

Mr. Driver filed his claim for DIB and SSI on July 31, 2008, alleging disability due to chronic nerve damage in his right leg and permanent arthritis in his right knee. (Tr. 114-16, 131-42). Mr. Driver now also claims disability based on lumbar disc disease, pancreatitis, diabetes, and sleep apnea. Pl.'s Mot. for Summ. J. 3. The Appeals Council denied Mr. Driver's request for review (Tr. 1-3), so the March 8, 2010 decision of Administrative Law Judge William K. Underwood ("the ALJ") is the final, reviewable decision of the agency.

The ALJ determined that Mr. Driver retained the residual functional capacity ("RFC") "to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except that he can never climb ladders/ropes/scaffolds; can only occasionally balance, stoop, kneel, crouch, crawl and climb ramps/stairs; and must avoid all exposure to hazards and moving machinery." (Tr. 52). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Driver can perform jobs that exist in significant numbers in the national economy, and that he is not therefore disabled. (Tr. 56).

Mr. Driver claims that the ALJ erred in several ways. He argues that the ALJ failed to consider whether Mr. Driver's lumbar disc disease, pancreatitis, diabetes, and sleep apnea constitute severe impairments; that the ALJ did not give proper weight to the opinions of his

treating physicians; and that the ALJ did not properly evaluate Mr. Driver's subjective pain complaints. Pl.'s Mot. 8-11. Finally, Mr. Driver argues that the Appeals Council failed to properly consider his appeal of the ALJ's decision. *Id.* at 11-12.

**1. Step Two Provides No Basis for Remand.**

Mr. Driver contends that the ALJ improperly evaluated his impairments at step two of the five-step evaluation process. At step two, an impairment is considered "severe" if it significantly limits the claimant's ability to work. *See* 20 C.F.R. § 404.1521(a). The claimant bears the burden of proving that his impairment is severe. *Johnson v. Astrue*, Civil Action No. PWG-10-3139, 2012 WL 203397 at *2 (D.Md. Jan. 23, 2012) (citing *Pass v. Chater,* 65 F.3d 1200, 1203 (4th Cir.1995)).

Mr. Driver failed to meet that burden as to the impairments he now cites. He did not mention his sleep apnea, pancreatitis, diabetes, or lumbar disc disease at any time during his hearing with the ALJ. (Tr. 5-40). Mr. Driver's disability application and his reports to the Social Security Administration ("the Agency") likewise focus solely on the nerve injury in his right leg and the associated pain he suffers. Mr. Driver's disability application and his ensuing reports to the Agency never mention sleep apnea, diabetes, or lumbar disc disease. (See Tr. 114-16, 131-42, 155-89). While Mr. Driver does mention pancreatitis as a disease for which he has received treatment (Tr. 137), the medical evidence shows that Mr. Driver's pancreatitis had resolved sometime before the end of 2007. (Tr. 332, 338, 342). Similarly, medical records show that Mr. Driver's sleep apnea is asymptomatic (Tr. 258, 323); that his diabetes is non-insulin-dependent and controlled (Tr. 302, 332); and, while two MRIs revealed a mild bulging disc and mild to moderate neural foraminal narrowing, that Mr. Driver has never sought treatment for lower back pain during his many patient visits to Kernan Hospital's pain management center. (Tr. 320-322). Mr. Driver has not met his burden to demonstrate that his pancreatitis, diabetes, sleep apnea, and/or lumbar disc disease significantly limit his ability to work, alone or in combination with his other impairments. His medical records also do not support such a finding.

The ALJ's finding that Mr. Driver's obesity is a severe impairment further supports a finding that the ALJ conducted the required analysis. Even though Mr. Driver did not report suffering from obesity in his disability application, in the function and disability reports submitted to the Agency, or during the ALJ hearing, the ALJ found that Mr. Driver's obesity constitutes a severe impairment. This finding indicates that the ALJ considered Mr. Driver's medical record when determining the extent of Mr. Driver's impairments at step two. The ALJ's analysis was not restricted to impairments of which Mr. Driver complained.

Even if I were to agree that the ALJ erred in his evaluation of Mr. Driver's impairments, any such error would be harmless. Because Mr. Driver made the threshold showing that his obesity and right femoral cutaneous neuralgia constitute severe impairments at step two, the ALJ continued with the sequential evaluation process and considered all impairments, both severe and nonsevere that significantly impacted Mr. Driver's ability to work. *See* 20 C.F.R. § 404.1523. Accordingly, I find no basis for remand on these grounds.

**2. The ALJ Properly Assigned Weight to the Opinion of Mr. Driver's Treating Physician.**

The ALJ properly considered the opinion of Mr. Driver's treating physician, McNeal Brockington, M.D. A treating physician's opinion is given controlling weight when two conditions are met: 1) it is well-supported by medically acceptable clinical laboratory diagnostic techniques; and 2) it is consistent with other substantial evidence in the record. *See Craig v. Chater,* 76 F.3d 585 (4th Cir.1996); *see also* 20 C.F.R. § 404.1527(d)(2). Federal regulations require an ALJ to assess a number of factors when considering what weight to assign to the medical opinions presented. 20 CFR § 404.1527(d). These factors include the examining relationship between the physician and the claimant; the treatment relationship between the physician and the claimant; the extent to which a medical opinion is supported by evidence; the consistency of a medical opinion with the record as a whole; and the specialization of the physician. 20 CFR § 404.1527(d)(1)-(5). Treating source opinions are never entitled to controlling weight on issues reserved to the Commissioner. 20 C.F.R. § 404.1527(e). Issues reserved to the Commissioner are administrative findings – such as determining a claimant's RFC – that are dispositive of a case. *Id.*

In his written opinion in this case, the ALJ expressly considered Dr. Brockington's medical opinion. He found that the opinion was entitled to little weight because it was internally inconsistent and unsupported by the balance of the evidence. (Tr. 54). The ALJ found that Dr. Brockington's opinion did not clearly explain whether the physician considered the effects of Mr. Driver's pain medication on his symptoms and his ability to function. (Tr. 55). The ALJ also noted that Dr. Brockington's opinion regarding Mr. Driver's residual functional capacity (RFC) relied heavily – and improperly – on the disability finding issued by the City of Baltimore, Mr. Driver's former employer. *Id.* As the ALJ correctly noted, the city's analysis was limited to whether Mr. Driver was able to perform his previous job (as a labor crew team leader). (Tr. 54, 427). The city did not consider whether Mr. Driver has the capacity to perform any work available in significant numbers in the local or national economies, the focus of the Agency's disability inquiry.

It is clear from the ALJ's opinion that he engaged in the required analysis and considered each of the factors listed in 20 CFR § 404.1527(d). The ALJ's opinion is supported by substantial evidence, namely the mild limitations in claimant's activities of daily living and social functioning, and the opinions of a series of state medical consultants that Mr. Driver is able to work with certain limitations.[1] The ALJ's decision to adopt the opinions of those state consultants is in accordance with SSR 96-6p, which provides that an ALJ may afford great weight to non-examining state agency physicians' opinions. When conflicting evidence is presented, the ALJ retains the discretion to resolve such inconsistencies. *Hays v. Sullivan,* 907 F.2d 1453, 1456 (4th Cir. 1990). It is clear that the ALJ did so here. For example, the ALJ did not

---

[1] Mr. Driver complains of what appears to be a failure to replace one claimant's name with another on a report completed by a state agency physician. Pl. Mem. 6 (citing Tr. 397). Nothing in the report suggests that any substantive information was erroneously included in this report. Simple failure to replace one name for another does not indicate substantive deficiency. In fact, Mr. Driver's own motion for summary judgment (ECF No. 15) erroneously seeks summary judgment on behalf of a claimant named "Janey Allyson Barrett." Nevertheless, it is apparent that the motion is brought on behalf of Mr. Driver.

simply adopt the opinion of the state agency consultant, Dr. P.H. Moore; rather, the ALJ placed additional limitations on Mr. Driver's abilities to lift and to carry in accordance with the evidence presented. (Tr. 55). Because substantial evidence supports the ALJ's analysis, remand is unwarranted.

### 3. The ALJ Properly Evaluated Mr. Driver's Subjective Complaints of Pain.

Mr. Driver next contends that the ALJ did not complete the two-step process for evaluating his allegations of pain. This contention lacks merit.  The Fourth Circuit has developed a two-part test for evaluating a claimant's allegations of pain. *Craig v. Chater*, 76 F.3d 585, 594 (4th Cir. 1996). The first prong of this test requires a determination that there is objective medical evidence of a medical impairment reasonably likely to cause the pain alleged by the claimant. *Id.* The second prong requires the ALJ to consider "the intensity and persistence of the claimant's pain, and the extent to which it affects [his] ability to work." *Id.* at 595.

The ALJ has cited to substantial evidence to support his overall finding on Claimant's subjective complaint of pain. First, the ALJ expressly found that Mr. Driver's "medically determinable impairments could reasonably be expected to cause the alleged symptoms [of pain.]" (Tr. 53). The ALJ then determined that the "claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are not credible." (Tr. 53). Specifically, the ALJ cited to Mr. Driver's inconsistent statements regarding the effectiveness of pain medication in mitigating his pain, including a statement in March 2009 that he was "very functional," and to a variety of treating notes that describe Mr. Driver's pain as well-managed through medication. (Tr. 53.) Those citations constitute substantial evidence to support the ALJ's determination. The ALJ's decision will not be disturbed.

### 4. The Appeals Council Did Not Err When Reviewing Mr. Driver's Appeal of the ALJ's Decision.

Finally, Mr. Driver asserts that the Appeals Council improperly reviewed his appeal. Pl.'s Mot. 11. Mr. Driver's argument is wholly without merit. This argument appears to be based on the fact that the Appeals Council apparently failed to acknowledge the change in Mr. Driver's representation. *Id.* Mr. Driver seems to suggest that, because the Appeals Council failed to note that Mr. Driver changed counsel, the Appeals Council could not have given his case the necessary level of review. *Id.* Agency regulations state that:

(a)  The Appeals Council will review a case if--
(1) There appears to be an abuse of discretion by the administrative law judge;
(2) There is an error of law;
(3) The action, findings or conclusions of the administrative law judge are not supported by substantial evidence; or
(4) There is a broad policy or procedural issue that may affect the general public interest.
(b) If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of

the administrative law judge hearing decision. . . .

20 C.F.R. § 404.970.

Mr. Driver relies on *Hawker v. Barnhart*, 235 F. Supp. 2d 445 (D.Md. 2002) for the position that the Appeals Council erred by failing to properly review his case. This reliance is misplaced. *Hawker* and the subsequent cases that abrogated it, *Waters v. Astrue*, F. Supp. 2d 512 (D.Md. 2007) and *Barton v. Astrue*, 495 F. Supp. 2d 504 (D.Md. 2007), concerned the Appeals Council's obligation to explain how it considered new evidence presented to it as part of the appeal. In the case at hand, no new evidence was presented to the Appeals Council. The Appeals Council rightly denied Mr. Driver's request for review because there was no new evidence to consider, and because it found that none of the other statutory reasons to grant review were applicable.

Admittedly, the Agency did err when it sent a copy of the Notice of Appeals Council Action to Mr. Driver's previous counsel. However, this administrative error is of little to no consequence, given that Mr. Driver himself received a copy of the notice that he could share with his present counsel. Furthermore, the administrative error does not reflect on the substantive consideration given by the Appeals Council to Mr. Driver's case.

For the reasons set forth herein, Plaintiff's motion for summary judgment (ECF No. 15) will be DENIED and Defendant's motion for summary judgment (ECF No. 22) will be GRANTED.  The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion.  An implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge